Aaron D. Ford, Esq. (NV No. 7704)
Karl O. Riley, Esq. (NV No. 12077)
Snell & Wilmer LLP
3883 Howard Hughes Parkway,
Suite 1100
Las Vegas, NV 89169
Telephone: 702-784-5265
Fax: 702-784-5252
aford@swlaw.com
kriley@swlaw.com

*Attorneys for Petitioners*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY RESERVATION OF MONTANA; PLAIN GREEN, LLC; AND FIRST AMERICAN CAPITAL RESOURCES, LLC,<br><br>Petitioners,<br><br>v.<br><br>ENCORE SERVICES, LLC,<br><br>Respondent. | No. 2:14-cv-01294-JCM- PAL<br><br>**NOTICE OF NON-OPPOSITION TO APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD AND REQUEST FOR FINAL JUDGMENT** |

Petitioners the Chippewa Cree Tribe of the Rocky Boy Reservation of Montana (the "Tribe"), Plain Green, LLC ("Plain Green"), and First American Capital Resources, LLC ("FACR," collectively with the Tribe and Plain Green, "Petitioners") filed their Application for Confirmation of Arbitration Award ("Application") and supporting documents on August 7, 2014 [ECF No. 1], which was personally served on the Respondent Encore Services, LLC ("Respondent") on August 12, 2014 [ECF No. 9]. Under 9 U.S.C. § 6, Federal Rule of Civil Procedure 6, 7, and 12, and Local Rule 7-2, Respondent was required to respond to the Application by September 2, 2014 but failed to do so. *Id.* In addition, more than three months

have elapsed since the date of the Final Award, which was awarded on July 31, 2014.  Therefore, Respondent is time-barred from seeking vacation, modification, or correction of the Final Award under 9 U.S.C. § 12.

In light of the foregoing, Petitioners respectfully request the Court to confirm the Final Award and enter Final Judgment in favor of Petitioners and against Respondent for the principal sum of $1,181,128.79, plus costs of $34,469.46 and attorneys' fees and costs of $1,355,054.90, for a total award of $2,570,653.15.  Petitioners request the Final Judgment incur interest as provided by law from July 31, 2014 until paid in full.  A Proposed Order Granting Application for Confirmation of Arbitration Award and Final Judgment is attached hereto as **Exhibit 1**.

Dated:  November 25, 2014                     SNELL & WILMER L.L.P.

By: /s/ *Karl O. Riley*
Aaron D. Ford, Esq. (NV No. 7704)
Karl O. Riley, Esq. (NV No. 12077)
3883 Howard Hughes Parkway,
Suite 1100
Las Vegas, NV  89169
Telephone: 702-784-5265
Fax: 702-784-5252
aford@swlaw.com
kriley@swlaw.com

*Attorneys for Petitioners*

20382567

# CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2014, I electronically transmitted the foregoing **NOTICE OF NON-OPPOSITION TO APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD AND REQUEST FOR FINAL JUDGMENT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

I further certify that on November 25, 2014, I served the foregoing by U.S. Mail, postage prepaid, upon:

Zachary Roberts
Gordon Jones
Encores Services, LLC
1291 Galleria Drive, Suite 210
Henderson, Nevada 89014

/s/ *Jeanne Forrest*
An employee of Snell & Wilmer L.L.P.

19861846

SNELL & WILMER
ATTORNEYS AT LAW
LAS VEGAS

20382567

# EXHIBIT 1

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY RESERVATION OF MONTANA; PLAIN GREEN, LLC; AND FIRST AMERICAN CAPITAL RESOURCES, LLC,<br><br>Petitioners,<br><br>v.<br><br>ENCORE SERVICES, LLC,<br><br>Respondent. | No. 2:14-cv-01294-JCM- PAL<br><br>**ORDER GRANTING APPLICATION**<br><br>**FOR CONFIRMATION**<br><br>**OF ARBITRATION AWARD AND**<br><br>**FINAL JUDGMENT** |

The Court has before it Petitioners the Chippewa Cree Tribe of the Rocky Boy Reservation of Montana's (the "Tribe"), Plain Green, LLC's ("Plain Green"), and First American Capital Resources, LLC's ("FACR," collectively with the Tribe and Plain Green, "Petitioners") Application for Confirmation of Arbitration Award ("Application") and their Notice of Non-Opposition to the Application for Confirmation and Request for Final Judgment ("Non-Opposition") [ECF No. __].

**I.**

On or about June 2011, Petitioners, Respondent Encore Services, LLC ("Respondent"), and Omatopia Financial Services, LLC ("OFS," collectively with Petitioners and Respondent, the

"Parties") entered into the "Fee Agreement" in order for Respondent to provide certain services to help Petitioners and OFS conduct a lending business. Under the Fee Agreement, the Parties agreed to arbitrate any dispute in Las Vegas, NV under the rules of the American Arbitration Association by one arbitrator. The Parties also agreed that judgment "entered upon the [arbitration] award rendered may be enforced by appropriate judicial action."

On or about September 18, 2013, Respondent filed a Demand for Arbitration with the American Arbitration Association ("AAA") against Petitioners alleging breach of Fee Agreement, breach of the implied covenant of good faith and fair dealing, conversion, unjust enrichment, accounting, civil conspiracy, declaratory relief, and attorney's fees. Petitioners filed Counterclaims against Respondent alleging fraud, civil conspiracy, intentional and negligent misrepresentation, breach of fiduciary duties, negligence, unjust enrichment, conversion, punitive damages and attorney's fees and costs.

After holding an evidentiary hearing, on July 31, 2014, the Arbitrator issued a "Final Award" finding Respondent liable to Petitioners in the principal amount of $1,181,128.79, plus costs of $34,469.46 and attorneys' fees and costs of $1,355,054.90.

The Arbitrator's Final Award found that the Petitioners have proven by clear and convincing evidence that the Fee Agreement was induced by fraudulent or material misrepresentations by the principals of Encore Services, LLC, which include Zachary Roberts, Richard Lee Broome, Martin Mazzara, and Gordon Jones. The Arbitrator's Final Award found that it was undisputed that one portion of the Fee Agreement was false and intended to deceive, and that Encore Services, LLC and its principals, Zachary Roberts, Richard Lee Broome, Martin Mazzara, and Gordon Jones knew that this was false, and that Encore's receipt of a significant portion of its fee was not compensation to Encore Services, LLC. The Arbitrator's Final Award found that Encore served as a conduit for hidden kickback payments to Ideal Consulting, LLC and Zachary Roberts, Richard Lee Broome, Martin Mazzara and Gordon Jones knew that the Fee Agreement was based on concealment and hiding the truth.

SNELL & WILMER
ATTORNEYS AT LAW
LAS VEGAS

20389482

The Arbitrator's Final Award found that the Fee Agreement was a fraudulent and material misrepresentation by Encore Services, LLC, through Zachary Roberts, Richard Lee Broome, Martin Mazzara, and Gordon Jones, and was made with knowledge that it was false and with the intent to deceive the Petitioners. The Arbitrator's Final Award found that Encore Services, LLC, through the conduct of its principals, Zachary Roberts, Richard Lee Broome, Martin Mazzara, and Gordon Jones, committed fraud, civil conspiracy, intentional and negligent misrepresentation, and breaches of fiduciary duties, and negligence.

## II.

The Federal Arbitration Act, 9 U.S.C. § 1-14 ("FAA"), provides that a court **must** grant an application to confirm an arbitration award brought within one year after the award is made "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10, 11]." 9 U.S.C. § 9. The FAA itself is not a grant of jurisdiction; therefore, a district court may confirm arbitration awards brought under 9 U.S.C. § 9 so long as there is an independent jurisdictional basis. *General Atomic Co. v. United Nuclear Corp.*, 955 F.2d 968, 970 (9th Cir. 1981). This Court has jurisdiction under diversity jurisdiction under 28 U.S.C. § 1332.

Petitioners filed its Application on August 7, 2014, within one year of the July 31, 2014 Final Award. Under the Fee Agreement, "[a]ny controversy arising out of or related to this Fee Agreement or the breach thereof shall be settled by arbitration in Las Vegas, Nevada, in accordance with the rules of the American Arbitration Association, and judgment entered upon the [arbitration] award rendered may be enforced by appropriate judicial action." Appl., ¶¶ 11-12.

Petitioner the Tribe of the Rocky Boy's Reservation of Montana is a federally-recognized Indian tribe with a reservation located in Montana; governed by an elected Business Committee, also referred to as the Tribal Council, with its headquarters in Box Elder, Montana. *Id.*, ¶¶ 1-2. For purposes of this litigation only, the Tribe is a citizen of the state of Montana. *Id*, ¶ 2. Petitioner Plain Green is a limited liability company owned by the Tribe and formed to provide short-term installment loans, with its headquarters and principal place of business located in Box Elder, Montana. *Id.*, ¶ 3. Petitioner FACR is a limited liability company owned by the Tribe and

SNELL & WILMER
ATTORNEYS AT LAW
LAS VEGAS

20389482

formed to operate a loan business which is managed by an entity operated by Zachary Roberts, Richard Lee Broome, Martin Mazzara and Gordon Jones, with its headquarters and principal place of business located in Box Elder, Montana. *Id.*, ¶ 4. Respondent is a Nevada limited liability company with its headquarters and principal place of business located in Clark County, Nevada. *Id.*, ¶ 5. The managing members of Respondent are Zachary Roberts, Richard Lee Broome, and Martin Mazzara. *Id.*, ¶ 6. Roberts and Mazzara are citizens of Nevada, and Broome is a citizen of California. *Id.* None of the managing members are citizens of the State of Montana. *Id.*

Petitioners were awarded in excess of $2 million in arbitration. *Id.*, ¶ 17. Therefore, an independent jurisdictional basis exists to confirm the award under diversity jurisdiction under 28 U.S.C. § 1332.

**III.**

The time to respond to an application to confirm an arbitration award is the same time as responding to a motion. FED. R. CIV. P. 81(a)(6)(B) states that the Federal Rules of Civil Procedure govern arbitration, except as otherwise provided in the FAA. An application to confirm arbitration award is treated as a motion. 9 U.S.C. § 6. Thus, Respondent's response was due by September 2, 2014. Local Rule 7-2(d) provides that failure to file and serve a response may be deemed consent to granting the Motion. Respondent failed to file any response to Petitioners' Application, and therefore confirmation is appropriate. In addition, more than three months have elapsed since the issuance of the July 31, 2014 Final Award. Therefore, Respondent is time-barred from seeking vacation, modification, or correction of the Final Award under 9 U.S.C. § 12.

**IV.**

Having found this Court has jurisdiction to confirm the Final Award and that 9 U.S.C. § 9's requirements are met, the Court grants Petitioners' Application.

For these reasons, IT IS ORDERED that Petitioners' Application to Confirm Arbitration Award is GRANTED.

SNELL & WILMER
ATTORNEYS AT LAW
LAS VEGAS

20389482

| | |
|---|---|
| 1 | IT IS FURTHER ORDERED that JUDGMENT be entered against Respondent Encore |
| 2 | Services, Inc. for the principal sum of $1,181,128.79, plus costs of $34,469.46 and attorneys' fees |
| 3 | and costs of $1,355,054.90, for a total award of $2,570,653.15 to incur interest as provided by law |
| 4 | from July 31, 2014 until paid in full. |

**IT IS SO ORDERED.**

DATE: December 19, 2014

*/s/ James C. Mahan*
UNITED DISTRICT COURT JUDGE

19861846

SNELL & WILMER
ATTORNEYS AT LAW
LAS VEGAS

20389482